## STATE v. DANIELS.

A catalogue of the students of an academy is not evidence, unless the party against whom it is offered has admitted or assented to its correctness. If offered generally, a verdict will not be set aside because it is used for proof of other matters by the other side.

A verdict will not be set aside because a juror had heard the case discussed, if that fact was known to the party objecting, or his counsel.

Where words are interlined in an information, they will be read so as to make sense, without regard to the place of the caret.

An information for omitting a voter's name on the check-list will be defective unless it is alleged that the selectmen accused knew his right.

An intention to remain permanently, or for some indefinite time, is essential to make the place of actual residence the home of the party.

THIS was an information against the defendants, as selectmen of Plainfield, for omitting the name of one Buchanan on the check-

list, November 3, 1860. The first count stated the facts entitling Buchanan to vote, and that the defendants, knowing the same, and fraudulently, &c., neglected to insert his name. The second count, after stating Buchanan's right to vote, alleged that the defendants knowingly and unlawfully did omit to insert his name, &c.

The information was signed by the solicitor as such, without reference to the absence of the attorney-general.

It appeared that Buchanan lived with his father, in Barnet, Vt., till the spring of 1858, when he became twenty-one years of age. He then worked for a farmer in Barnet till October, 1858, when he went to Plainfield, and entered an academy there; intending to go to college and to be a minister. There was no evidence that he had a residence in any other place than Barnet or Plainfield. There was evidence tending to show that at a session of the selectmen for correcting the check-list, Buchanan and other witnesses were examined by the selectmen as to his right to vote, and the selectmen refused to put his name on the list, and one reason given by them was, that on the academy catalogues his residence was printed "Barnet, Vt." On the trial the counsel for the respondent exhibited to the jury two of these catalogues, and caused the title-page and the name and residence of Buchanan, Barnet, Vt., to be read. The solicitor, in his argument, read to the jury from the catalogues the name of one Dimond, as of Concord, N. H., whose name it was shown was put on the list. The respondents objected that only so much of the catalogues as related to Buchanan were put in evidence; but the court overruled the objection, and the catalogues were passed to the jury.

The court instructed the jury that if Buchanan abandoned his father's house as a home, in October, 1858, and after that had no intention of returning to it as a home, or of retaining a home or residence in Barnet, and if, always after that time, he resided in Plainfield, with a constant intention to make Plainfield his only home while he should remain there, he had a residence in Plainfield, and was entitled to vote there, although he might intend to go to college, or become a minister, when prepared.

When the jury were impanneled the court requested those of the jurors who had heard the case talked about, so as to have any opinion or bias in the matter, to rise, and one Burr, one of the jury, did not rise, but remained on the jury, and the respondents allege that he had heard the case discussed, and was not a proper juror to try the case.

The verdict was general, and the respondents moved to set it aside, and in arrest of judgment, because a part of the first count, which was interlined, was insensible, and the second count did not allege that the respondents knew Buchanan's right to vote, and because of supposed errors in the rulings and charge of the court.

*L. W. Barton,* Solicitor, for the State.

*E. L. Cushing,* for the respondents.

*Per Curiam.* That an information may be filed in a case like this, there is no doubt. *State* v. *Dover,* 9 N. H. 468. That it is properly authenticated, being signed by the solicitor as such, without setting forth the absence of the attorney-general, is also settled. *State* v. *Farrar,* 41 N. H. 53.

The catalogues were not competent evidence. If they had been objected to by the State, they could not have been introduced. They were mere hearsay; the statements, without oath, of the unknown parties who prepared them. If they had been accompanied by proof that Buchanan, upon the hearing before the selectmen, had admitted that he was there described as of Barnet, Vt., by his own direction or consent, or with his subsequent approval, that would make them competent evidence on this trial, as part of the history of that hearing, but no such proof appears. They were introduced by the defendants, and they can not object to them; and it would seem, from the manner of their introduction, that the solicitor and court might properly have understood, and no doubt did so, that the catalogues were put in evidence for all purposes. Nothing was said by the defendant's counsel to the contrary, until the solicitor began to comment upon them, and we think the objection came too late.

If the solicitor had not understood that they were all in evidence, he would, almost of course, have made some attempt or offer to show the facts in relation to Dimond's Case. It is evident the solicitor and the court did understand, as they had a right to, that the catalogues were put in evidence for all purposes; and if there was any fault any where it was on the part of the defendants' counsel, in not stating, after they had proved the catalogue and the title-page, and one entry, that this was all they offered, and that they did not offer the rest; and we do not think that the verdict should be set aside on that ground.

The affidavits relating to Mr. Burr, the juror, do not satisfy us that he had formed an opinion on the merits of the case, or had so conducted as to disqualify himself as a juror. It would have been more candid and correct in him, when the request was made by the court, that those, if any, who had heard conversations on the subject, should rise, to have risen and stated the facts, and left the court to judge whether there was any legal objection to his sitting as a juror. There is a capital objection to the motion for a new trial on this account. It is not shown that the respondents and their counsel were not aware of the objection before the verdict was returned. *Rollins* v. *Ames,* 2 N. H. 349; *Farmer* v. *Goodwin,* Rockingham, June, 1861.

The objection to the first count of the information does not seem well founded. The court will of course read the interlined words where they will make sense, and will not much regard the position of the caret, nor allow themselves to be misled by it. Bad grammar and bad spelling is of little consequence where the sense is plain. Beside, the whole passage in which the interlineation occurs might be struck out without impairing the count. *State* v. *Copp,* 15 N. H. 212; *State* v. *Bailey,* 31 N. H. 521.

The second count is clearly bad. It does not allege that the respondents knew the right of Buchanan to vote, or had any evidence of it laid before them. It is alleged that they knowingly and unlawfully omitted his name, but that allegation does not necessarily import that they knew his right. It is not enough to charge that the selectmen knowingly and unlawfully omitted a name from the check-list. It must be alleged that they did so corruptly, with a knowledge of all the facts, and in violation of a known duty, for in that the essence of the offense consists. *State* v. *Gove,* 34 N. H. 511. But this defect is not material. If there is one good count in an indictment or information, and a general verdict, judgment will be rendered on the verdict. *State* v. *Canterbury,* 28 N. H. 227.

Under the instructions given by the court to the jury, "if Buchanan had gone to Plainfield, not intending to return to Barnet, but to reside in Plainfield one term, or one week, and to make Plainfield his home for that time, Plainfield would have been his domicil." We think these instructions erroneous, for they leave out of view the intentions of the party to remain there permanently, or for some indefinite time, which is essential to make the place of actual residence the home of the party.

*Verdict set aside.*